IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| EMI APRIL MUSIC, INC., et al. | : |
|  | : |
| v. | : Civil Action No. DKC 11-3352 |
|  | : |
| GARLAND ENTERPRISES, LLC, et al. | : |
|  | : |

**MEMORANDUM OPINION AND ORDER**

By a memorandum opinion and separate order issued June 1, 2012, the court granted Plaintiffs' motion for default judgment in this copyright infringement case.  The court found, in part, that Plaintiffs were entitled to recover attorneys' fees and costs pursuant to 17 U.S.C. § 505 and directed them to submit "a properly supported fee petition and bill of costs within fourteen (14) days[.]"  (ECF No. 12 ¶ 4).  One week later, Plaintiffs filed a motion for attorneys' fees and costs, which is presently pending.  (ECF No. 13).

In support of this motion, Plaintiffs submit the declaration of their attorney, Peter A. Woolson.  (ECF No. 13-2).  Mr. Woolson asserts that he has reviewed his firm's "records of fees and disbursements incurred by the Plaintiffs" and that these documents "reflect an hourly rate of $225 for [his] work in the case, an hourly rate of $225 for [a] senior attorney, an hourly rate of $150 for [an] associate's time, and

an hourly rate of $85 for paralegal time." (*Id.* at ¶ 4). He further asserts that "Plaintiffs have incurred $1,964.00 in [attorneys'] fees and $863.80 in disbursements in this particular case for a total amount of $2,827.80." (*Id.* at ¶ 5). These fees "reflect time [his] firm spent in preparing the pleadings in this case; corresponding and communicating by telephone with the Defendants; communicating with representatives of . . . the Plaintiffs; and otherwise performing all the necessary legal work to be done[.]" (*Id.*). Mr. Woolson attaches to his declaration a spreadsheet showing the total number of hours billed by the law firm from June to November 2011, as well as the amount of costs incurred, by month, over the same time period. (ECF No. 13-1).

In determining what amount constitutes a reasonable attorneys' fee, the court employs the hybrid method, which begins with calculation of the lodestar amount (the product of the reasonable hours expended on the litigation multiplied by a reasonable hourly rate), followed by adjustment as appropriate based on the factors enunciated in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). As this court has explained:

> Absent circumstances warranting adjustment, the lodestar figure represents the proper total fee award. *Wileman v. Frank*, 780 F.Supp. 1063, 1064 (D.Md. 1991) (citing *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct.

1541, 79 L.Ed.2d 891 (1984)). In deciding
what constitutes a "reasonable" number of
hours and rate, the district court generally
is guided by the following factors:

> "(1) the time and labor expended; (2)
> the novelty and difficulty of the
> questions raised; (3) the skill
> required to properly perform the legal
> services rendered; (4) the attorney's
> opportunity costs in pressing the
> instant litigation; (5) the customary
> fee for like work; (6) the attorney's
> expectations at the outset of the
> litigation; (7) the time limitations
> imposed by the client or
> circumstances; (8) the amount in
> controversy and the results obtained;
> (9) the experience, reputation and
> ability of the attorney; (10) the
> undesirability of the case within the
> legal community in which the suit
> arose; (11) the nature and length of
> the professional relationship between
> attorney and client; and (12)
> attorneys' fees awards in similar
> cases."

*Brodziak v. Runyon*, 145 F.3d 194, 196 (4th
Cir. 1998) (quoting *EEOC v. Service News
Co.*, 898 F.2d 958, 965 (4th Cir. 1990)
(quoting *Barber v. Kimbrell's, Inc.*, 577
F.2d 216, 226 n. 28 (4th Cir. 1978))).

*CoStar Group, Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 787

(D.Md. 2000). *See also Ass'n of Machinists & Aerospace Workers*

*v. Werner-Matsuda*, 390 F.Supp.2d 479, 490 (D.Md. 2005).

The party seeking fees bears the burden of proving the

reasonableness of the rate sought. *See Robinson v. Equifax*

*Information Services, LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).

"In addition to the attorney's own affidavits, the fee applicant

3

must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *In re Botero-Paramo*, No. 11-1886, 2012 WL 2055005, at *8 (4th Cir. June 8, 2012) (quoting *Robinson*, 560 F.3d at 243) (internal marks and emphasis removed). There is some question whether, in the absence of independent evidence of the prevailing market rates, the court may rely on its own expertise concerning those rates. The Fourth Circuit recently explained, in the context of a bankruptcy case:

> Several of our sister circuits have recognized that when the prevailing party has failed to provide adequate evidence of reasonable fees, a district court may rely on its own expertise in determining a reasonable hourly rate, as the bankruptcy court did here. *E.g., Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987) (opining that a district court may rely on its knowledge of private firm hourly rates in the community in assessing the reasonableness of fees); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing."); *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987) ("The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area"); *see also CoStar Group, Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 788 (D.Md. 2000) ("Evidence of the

> prevailing market rate usually takes the
> form of affidavits from other counsel
> attesting to their rates or the prevailing
> market rate. However, in the absence of
> sufficient documentation, the court may rely
> on its own knowledge of the market."
> (citations omitted)).

*In re Botero-Paramo*, 2012 WL 2055005, at *8. Observing that "nearly every case on a bankruptcy court's docket involves reviewing attorney's fees and costs in the community," the court held that "bankruptcy courts are, in certain circumstances, particularly qualified to determine the reasonableness of fees based on their own expertise." *Id.* It is uncertain whether district courts are afforded the same latitude.

Here, Plaintiffs have provided insufficient evidence of the prevailing market rates for the legal professionals that worked on the case. Mr. Woolson's declaration establishes that he is an attorney with approximately twenty-six years of experience. (ECF No. 13-2 ¶ 3). Under Appendix B of the court's local rules, a presumptively reasonable rate for attorneys licensed to practice for over fifteen years is from $275 to $400 per hour; thus, Mr. Woolson's rate of $225 per hour would appear to be reasonable. The declaration provides no basis, however, for the court to assess the reasonableness of the hourly rates for the two associates or the paralegal who also worked on the case. Moreover, because the attached spreadsheet is not broken down by task or attorney, the court has no way of determining whether

the amount of time spent on a given task was reasonable. Although the number of hours billed in this case is modest, the present record does not support an award of attorneys' fees.

Plaintiffs' claim for costs is equally problematic. Initially, Plaintiffs have provided no indication as to how their costs were incurred.  Pursuant to Local Rule 109.1.b:

> In any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request.  Any vouchers or bills supporting the cost being requested shall be attached as exhibits.

Plaintiffs have submitted only dollar amounts incurred each month over the course of the litigation.  Mr. Woolson asserts in his declaration that these amounts relate to "necessary legal work to be done in this case" (ECF No. 13-2 ¶ 5), but he does not mention the nature of the costs and he has not attached bills or receipts justifying the expenditures.

To the extent that some of the costs Plaintiffs seek to recover may be associated with the investigator who submitted an affidavit in support of their motion for default judgment, it is unclear whether these costs may be taxed.  The Copyright Act, 17 U.S.C. § 505, provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs."   There is a circuit split regarding what

constitutes "full costs" under this provision. *See Quantum Systems Integrators, Inc. v. Sprint Nextel Corp.*, Civ. No. 1:07-cv-491, 2009 WL 3423848, at *8 (E.D.Va. Oct. 16, 2009). The Eighth and Eleventh Circuits have held that recovery is limited to general costs identified under 28 U.S.C. § 1920 – *i.e.*, filing and service fees, transcript fees, printing and witness fees, exemplification fees, docket fees, or fees for experts or interpreters. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996); *Artisan Contractors Ass'n v. Am., Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1039-40 (11th Cir. 2001). Conversely, the Seventh and Ninth Circuit have found that "district courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005); *see also Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001). Insofar as Plaintiffs seek reimbursement for investigation expenses, such costs clearly may not be taxed under § 1920, and Plaintiffs have presented no argument as to why they should be recoverable under § 505.

Accordingly, it is this 19th day of June, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1.   Plaintiffs' motion for attorneys' fees and costs (ECF No. 13) BE, and the same hereby IS, DENIED WITHOUT PREJUDICE to renewal within fourteen (14) days; and

2.   The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Plaintiffs and directly to Defendants.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge